# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH HEYWARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-206 |
| | ) | |
| **UPHOLD, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM ORDER

This prisoner civil rights action was received by the Clerk of Court on July 26, 2018 and was originally referred to the undersigned, then a United States Magistrate Judge, for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Rules for Magistrate Judges. On September 25, 2018, after the undersigned was appointed as a United States District Judge, the case was transferred to United States Magistrate Judge Richard A. Lanzillo for further pretrial proceedings. ECF No. 6. On November 21, 2018, the undersigned became the presiding district court judge.

On February 18, 2019, Judge Lanzillo issued a Magistrate Judge's Report and Recommendation ("R&R"), ECF No. [27], recommending that the Defendants' motion to dismiss, ECF No. [15], be granted and the Plaintiff's Motion for Leave to File Supplemental complaint, ECF No. [26], be denied. Plaintiff filed objections to the R&R on March 4, 2019. ECF No. 28.

In his objections, Plaintiff essentially argues that the grievance process was conducted in bad faith and, as a result, it did not provide an "adequate" post-deprivation remedy for due process purposes. This argument lacks merit. The fact that Plaintiff disagrees with the

1

resolution of his grievance is not a basis for finding that he was deprived of constitutionally adequate post-deprivation process. *Mayo v. Oppman*, No. CV 17-311, 2018 WL 1833348, at *5 (W.D. Pa. Jan. 23, 2018) (plaintiff was provided "with all the due process to which he was entitled" by virtue of his participation in the DOC's grievance process, and "the fact that he disagree[d] with the resolution of his grievance does not state a claim for a violation of due process") (citation omitted), *report and recommendation adopted*, No. CV 17-311, 2018 WL 943528 (W.D. Pa. Feb. 20, 2018); *Gordon v. Vaughn*, 1999 WL 305240 (E.D. Pa. May 12, 1999) ("the failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation."). In any event, Plaintiff had additional post-deprivation process available to him in the form of a state tort action for conversion. *See Crosby v. Piazza*, No. 465 F. App'x 168, 172 (3d. Cir. 2012) (observing that "to the extent [the inmate] is dissatisfied with the outcome of the administrative process, he may still file a state court tort action"); *Reavis v. Poska*, Civil Action No. 08-1184, 2010 WL 2511379, at *7 (W.D. Pa. 2010) (plaintiff could not, as a matter of law, state a claim for a deprivation of property without due process where he had available to him the post deprivation remedies of both the DOC's internal grievance procedure and the availability of a state tort action for conversion of property); 42 Pa. C.S.A. § 8522(a), (b)(3).

Plaintiff also asks this Court to "dissolve this action without any decision," so that he may "re-file a Common Law Tort action." ECF No. 28 at 1. The Court will not refrain from reaching a decision relative to the viability of Plaintiff's federal due process claim, however, since that claim is plainly deficient and is the only cause of action currently pending in this action. To the extent Plaintiff seeks to have his case transferred to the Forest County Court of Common Pleas, *see* ECF No. 26, this Court agrees with the Magistrate Judge that it lacks the

authority to effectuate such a transfer. On the other hand, to the extent Plaintiff wishes to file new common law claims against the Defendants, he should do so in Pennsylvania state court, as this Court lacks subject matter jurisdiction over state law claims between non-diverse parties.

Based upon the foregoing reasons, after *de novo* review of the Complaint and documents in the case, together with the R&R and Plaintiff's objections thereto, the following order is entered:

AND NOW, this 30th Day of April, 2019;

IT IS ORDERED that the Defendants' motion to dismiss, ECF No. [15], be, and hereby is, GRANTED. Plaintiff's claim under 42 U.S.C. §1983 predicated upon the alleged deprivation of due process is DISMISSED.

IT IS FURTHER ORDERED that the Plaintiff's Motion for Leave to File a Supplemental Complaint, ECF No. [26], be, and hereby is, DENIED.

The Report and Recommendation of United States Magistrate Judge Richard Lanzillo, dated February 18, 2019, ECF No. [27], is hereby adopted as the opinion of this Court.

As there are no further claims or matters pending in this case, the Clerk is directed to mark this case "CLOSED."

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

cc:    Joseph Heyward
       FJ4734
       SCI Forest
       P.O. Box 945
       Marienville, PA 16239

       The Honorable Richard A. Lanzillo
       United States Magistrate Judge